UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. **24-53397-JRS** |
| | : | |
| **JUDITH BOURDO KERSTEN**, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | JUDGE SACCA |
| | : | |

### NOTICE OF MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE*;* DEADLINE TO OBJECT; AND FOR HEARING

S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Judith Bourdo Kersten has filed the attached pleading seeking to approve a settlement agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Motion**"). Pursuant to Third Amended and Restated General Order No. 24-2018, the Court may consider this matter without further notice or a hearing if no party in interest files a response or objection within *twenty-one (21) days* from the date of service of this notice. **If you object to the relief requested in the Motion, you must timely file your objection with the Bankruptcy Clerk at U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303**, and serve a copy on Trustee's attorney, Jason L. Pettie, Taylor English Duma LLP, 1600 Parkwood Circle, SE, Suite 200, Atlanta, Georgia 30339, and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

A hearing on the Motion has been scheduled for **January 28, 2025**. The Court will hold a hearing on the Motion at **10:30 A.M.** on **January 28, 2025, Courtroom 1404**, **Richard B. Russell Federal Building and the United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303**, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera

in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice and without holding the scheduled hearing** provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the scheduled hearing, the hearing will be held as scheduled.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

Dated: December 20, 2024.

                                      TAYLOR ENGLISH DUMA LLP

                                      By: */s/ Jason L. Pettie*
                                           Jason L. Pettie
                                           Georgia Bar No. 574783
                                    1600 Parkwood Circle, SE
                                    Suite 200
                                    Atlanta, GA 30339
                                    Phone: (678) 336-7226
                                    Email: jpettie@taylorenglish.com
                                    *Attorneys for Trustee*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. **24-53397-JRS** |
| | : | |
| **JUDITH BOURDO KERSTEN**, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | JUDGE SACCA |
| | : | |

**MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT
UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Judith Bourdo Kersten (the "**Estate**"), by and through the undersigned counsel, and files his *Motion for Order Approving Settlement Agreement Under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Settlement Motion**"), between Trustee and Paces Funding, LLC ("**Paces**"). In support of the Settlement Motion, Trustee respectfully shows the Court as follows:

### I. JURISDICTION

1. This Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure. This Settlement Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

### II. BACKGROUND

*a. General Background*

2. Judith Bourdo Kersten (the "**Debtor**") filed a voluntary petition under Chapter 13 of Title 11 of the United States Code on April 1, 2024 (the "**Petition Date**"), thereby initiating Bankruptcy Case No. 24-53397-JRS (the "**Bankruptcy Case**").

3. Also on the Petition Date, Debtors filed under penalty of perjury their *Statement of*

*Financial Affairs, Schedules "A" through "J,"* (the "**Sworn Schedules**") and *Other Bankruptcy Documents* [Doc. No. 1].

4. The Bankruptcy Case converted to Chapter 7 on May 3, 2024. Trustee was appointed to the Bankruptcy Case as interim Chapter 7 Trustee on or February 6, 2024 [Doc. No. 5], pursuant to 11 U.S.C. § 701(a)(1).

5. The Chapter 7 meeting of creditors was held virtually (via Zoom) and concluded on July 10, 2024 (after being reset from June 6, 2024), pursuant to 11 U.S.C. §341(a), after which time, the Trustee became the permanent Chapter 7 trustee pursuant to 11 U.S.C. § 702(d).

6. At the commencement of the Bankruptcy Case, the Debtors' bankruptcy estates were created under 11 U.S.C. § 541(a) (collectively, the "**Bankruptcy Estate**"), and the Bankruptcy Estate included all Debtors' legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the Bankruptcy Estate acquired after commencement of the Bankruptcy Case. 11 U.S.C. § 541(a)(1) and (7).

7. Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323(a).

8. Trustee is under a duty to collect and reduce to money the property of the Bankruptcy Estate. 11 U.S.C. § 704(a)(1).

9. On July 24, 2024, Trustee filed his *Application for Appointment of Attorneys* [Doc. No. 47], and on July 25, 2024, an *Order* [Doc. No. 48] was entered by the Court, appointing Taylor English Duma LLP as attorneys for Trustee.

### b. The Property

10. In her Sworn Schedules, *Schedule A/B: Property*, Debtor scheduled her ownership interest in that certain real property known generally as 924 Peachtree Battle Avenue, NW, Atlanta, Fulton County, Georgia 30327 (the "**Property**"), with a value of $1,407,500.00.

*c. Alleged Liens, Interests, and Encumbrances*

11. In her Sworn Schedules, *Schedule D: Creditors Who Have Claims Secured by Property*, Debtor scheduled a lien in the amount of $1,327,266.66 in favor of Paces.

12. Paces asserted a lien on the Property based on that certain *Deed to Secure Debt and Security Agreement* dated September 9, 2022, in the original principal amount of $1,140,000.00, that was recorded on the real property records with the Clerk of the Superior Court of Fulton County, State of Georgia (the "**Real Estate Records**") on September 28, 2022 at page 63-76 of Deed Book 66178 (the "**Paces Deed**").

13. Trustee filed an adversary proceeding on September 28, 2024, asserting that the Paces Deed was avoidable by Trustee, which initiated Adversary Case Number 24-05180-JWC (the "**Adversary**"), and Paces has disputed Trustee's claim(s).

14. Paces and Trustee have reached an agreement to settle the Adversary in which Paces will make a payment to the Bankruptcy Estate in the amount of $45,000.00 in order to retain its lien on the Property.

### III. RELIEF REQUESTED

15. Following negotiations and subject to Bankruptcy Court approval, Trustee and Paces (collectively, the "**Parties**") mutually desire to settle all disputes and issues as set forth in the *Joint Stipulaiton and Settlement Agreement* (the "**Settlement Agreement**") filed herewith as Exhibit "A."

16. By this Settlement Motion, Trustee requests that the Court enter an order granting the Settlement Motion and approving the Settlement Agreement.

17. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> (a) the probability of success in the litigation;
> (b) the difficulties, if any, to be encountered in the matter of collection;
> (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
> (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).

18. The proposed settlement between the Parties is the product of arms-length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

19. By virtue of the Settlement Agreement, the Parties have settled all disputes and issues between them in a manner that is in the best interest of the Bankruptcy Estate and will enable Trustee to make a substantial distribution to creditors.

20. Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee moves the Court to approve the Settlement Agreement.

WHEREFORE, Trustee respectfully requests that the Court enter an Order (i) granting this Settlement Motion; (ii) authorizing Trustee to take actions reasonably necessary to effectuate the terms of the Settlement Agreement; and (iii) granting to the parties such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 20th day of December, 2024.

                        TAYLOR ENGLISH DUMA LLP
                        *Attorneys for Trustee*

                        By: */s/ Jason L. Pettie*
                            Jason L. Pettie
                            Georgia Bar No. 574783
                            jpettie@taylorenglish.com

1600 Parkwood Circle, SE
Suite 200
Atlanta, GA 30339
Tel: 678-336-7226

# EXHIBIT "A" FOLLOWS

02452713-1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 24-53397-JRS |
| | : | |
| JUDITH BOURDO KERSTEN | : | CHAPTER 7 |
| | : | |
| Debtor. | : | JUDGE SACCA |
| | : | |

### JOINT STIPULATION AND SETTLEMENT AGREEMENT

This *Joint Stipulation and Settlement Agreement* (the "**Agreement**") is by and between S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estates of Judith Bourdo Kersten (the "**Bankruptcy Estate**") and Paces Funding, LLC ("**Paces**," and together with Trustee, the "**Parties**"):

WHEREAS, Debtors filed a voluntary petition [Doc. No. 1] under Chapter 13 of Title 11 of the United States Code on April 1, 2024 (the "**Petition Date**"), thereby initiating Bankruptcy Case No. 24-53397-JRS (the "**Bankruptcy Case**"), and the Bankruptcy Case converted to Chapter 7 on May 3, 2024; and

WHEREAS, Trustee was appointed to the Bankruptcy Case as the interim Chapter 7 trustee under 11 U.S.C. § 701(a)(1); and

WHEREAS, At the conclusion of the meeting of creditors, conducted in accordance with 11 U.S.C. § 341(a) on July 10, 2024, Trustee became the permanent Chapter 7 Trustee under 11 U.S.C. § 702(d); and

WHEREAS, as of the Petition Date, Debtor owned an interest in real property known generally as 924 Peachtree Battle Avenue, NW, Atlanta, Fulton County, Georgia 30327 (the

{02913435-1}

"**Property**"), as evidenced by that certain *Executor's Deed* dated September 9, 2022, in which "Judith Kersten" was named as the grantee (the "**Deed**"). The Deed was recorded in the real property records of the Clerk of the Superior Court of Fulton County, Georgia (the "**Real Estate Records**") on September 28, 2022 at page 62 of Deed book 66178; and

WHEREAS Debtor executed that certain *Deed to Secure Debt and Security Agreement* (the "**Paces Deed**") dated September 9, 2022, in favor of Paces, conveying the Property to secure a debt in the original principal amount of $1,140,000.00, in which "Judy Kersten" was named as grantor. The Paces Deed was recorded on September 28, 2022 at pages 63-76 of Deed Book 66178 of the Real Estate Records

WHEREAS, Trustee filed an adversary proceeding on September 28, 2024, asserting that the Paces Deed was avoidable by Trustee, which initiated Adversary Case Number 24-05180-JWC (the "**Adversary Proceeding**"); and

WHEREAS, Paces disputes Trustee's claims; and

WHEREAS, on the basis of this Agreement, the Parties mutually desire to settle all disputes and issues and avoid further litigation thereof for a payment to the Trustee in the sum of $45,000.00 (the "**Settlement Amount**") in resolution of Trustee's claims, and Paces will be allowed one (1) non-priority unsecured claim in the amount of $45,000.00, which will be subordinated to all other allowed claims in the Bankruptcy Case; and

WHEREAS, following Bankruptcy Court approval of the Agreement and receipt of the Settlement Amount, Trustee consents to Paces' right and ability to record and file an affidavit in the Real Estate Records, re-record the original Paces Deed with a cross

{02913435-1 }

reference to the previously recorded original Paces Deed in the Real Estate Records, and take any other action Paces may deem necessary to confirm the validity of the Paces Deed in the Real Estate Records;

WHEREAS, following Bankruptcy Court approval of the Agreement and receipt of the Settlement Amount, Trustee will dismiss the Adversary Proceeding with prejudice and, further, release all claims it has or may have in the future to avoid the lien of the Deed to Secure Debt and Security Agreement; and

WHEREAS, following Bankruptcy Court approval of the Agreement and receipt of the Settlement Amount, Trustee consents to Paces recording that certain Deed Under Power related to a foreclosure sale that was cried out on April 2, 2024.

NOW, THEREFORE, as set forth below, the Parties agree as follows:

1. Following receipt of the fully executed Agreement, Trustee shall file a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking the Bankruptcy Court's approval of the Agreement (the "**Settlement Motion**").

2. Within ten (10) days of the later of the entry of a final order granting the Settlement Motion and approving the Agreement (the "**Settlement Order**") or Paces's receipt of a 2024 W-9 from the Trustee, Paces shall remit or cause to be remitted to Trustee the Settlement Amount of FORTY-FIVE THOUSAND AND NO/100s DOLLARS ($45,000.00), in the form of a check made payable to "S. Gregory Hays, Chapter 7 Trustee (KERSTEN)" and delivered to S. Gregory Hays, Hays Financial Consulting, LLC, 2964 Peachtree Road, Suite 555, Atlanta, Georgia 30305.

3. Upon Bankruptcy Court approval of this Agreement and payment of

{02913435-1 }

Settlement Amount, and Trustee's receipt of the Settlement Amount, (i) the Paces Deed shall be deemed properly perfected, (ii) Paces shall have the ability to take any action Paces may deem necessary to confirm the validity of the Paces Deed in the Real Estate Records; and (iii) the Trustee, for itself, the Estate, and the Trustee's assigns, attorneys, agents, representatives, heirs, and successors, does hereby remise, and forever release all claims it has against Paces with respect to the Deed to Secure Debt and Security Agreement, and further releases all claims and suits it has or may have in the future arising out of relating to avoiding the lien of the Deed to Secure Debt and Security Agreement..  Paces shall also have the right to record a Deed Under Power related to a foreclosure sale that was cried out on April 2, 2024.

4. Upon Bankruptcy Court approval of this Agreement and receipt of Settlement Amount, Trustee shall file an abandonment of the Property, and Trustee shall file a notice of dismissal of the Adversary pursuant to bankruptcy rule 7041.

5. Paces shall be allowed a single non-priority unsecured claim in the amount of $45,000.00 that shall be subordinated to all other allowed claims in the Bankruptcy Case.

6. The Parties each agree to take any and all actions and execute any other documents as may be reasonably required by the Parties to effect the purpose and intent of this Agreement.

7. Any dispute over this Agreement shall be determined solely by the Court in this Bankruptcy Case.

8. The Parties acknowledge and represent being fully advised by their

{02913435-1 }

respective legal counsel of their rights and responsibilities under this Agreement or, alternatively, having had an opportunity to retain the services of independent legal counsel and having affirmatively elected not to do so, that they have read, know and understand completely the contents hereof, and that they have voluntarily executed the same.  The Parties hereto further acknowledge having had input into the drafting of this Agreement or, alternatively, having had an opportunity to have input into the drafting of this Agreement.  Accordingly, in any construction to be made of this Agreement, it shall not be construed for or against any party, but rather shall be given a fair and reasonable interpretation, based on the plain language of the Agreement and the expressed intent of the Parties.

9. This Agreement contains the entire, final, complete, and exclusive agreement between the Parties to the subject matter contained herein.  There are no other representations, agreements, arrangements, or understandings, oral or written, between the Parties relating to the subject matter contained herein, which are not fully expressed herein.

10. Modification.  This Agreement shall not be modified by either of the Parties by oral representation made before or after the execution of this Agreement.  All modifications must be in writing and signed by all Parties.

11. Counterparts.  This Agreement may be executed in multiple counterparts, each of which shall be deemed an original Agreement, and all of which shall constitute one agreement to be effective as of the Effective Date.  Photocopies, facsimile copies, or emails of a .pdf of executed copies of this Agreement may be treated as an original.

{02913435-1 }

STIPULATED AND AGREED TO this __ day of December, 2024.

| | |
|---|---|
| S. GREGORY HAYS<br>CHAPTER 7 TRUSTEE<br><br>By:*/s/ Jason L. Pettie*<br>    Jason L. Pettie<br>    State Bar No. 574783<br>TAYLOR ENGLISH DUMA LLP<br>1600 Parkwood Circle, SE<br>Suite 200<br>Atlanta, Georgia 30339<br>Tel: (678) 336-7226<br>Email: jpettie@taylorenglish.com<br>*Attorneys for Chapter 7 Trustee* | PACES FUNDING, LLC<br><br>By:*/s/ Austin E. James*<br>    Austin E. James<br>    Georgia Bar No. 472117<br>FIDELITY NATIONAL LAW GROUP<br>4170 Ashford Dunwoody Road<br>Suite 475<br>Tel: (404) 479-2591<br>Email: Austin.james@fnf.com<br>*Attorneys for Paces Funding, LLC* |

{02913435-1 }

## CERTIFICATE OF SERVICE

This is to certify that I caused to be served a copy of the foregoing pleading by filing a copy with the Clerk of Court and causing a copy to be served on all parties receiving notice via the CM/ECF system who have filed a notice of appearance in this matter, and by depositing same in the United States Mail, postage prepaid, addressed to the below and on the attached sheet:

Office of the U.S. Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Stanley J. Kakol, Jr.
The Law Offices of Stanley J. Kakol, Jr.
5353 Fairington Road
Suite C
Lithonia, GA 30038

Austin E. James
Fidelity National Law Group
Suite 475
4170 Ashford Dunwoody Road
Atlanta, GA 30319

Judith Bourdo Kersten
1144 Church Street
Smyrna, GA 30080

This 20th day of December, 2024.

/s/ *Jason L. Pettie*
Jason L. Pettie
Georgia Bar No. 574783

02789448-1

9

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Georgia Department of Revenue
Compliance Division
ARCS-Bankruptcy
1800 Century Blvd, N.E. Ste 9100
Atlanta, GA 30345

Capital One
Attn: Bankruptcy
P.O. Box 30285
Salt Lake City, UT 84130

Capital One N.A.
by American InfoSource as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118

JPMorgan Chase Bank, N.A.
National Bankruptcy Dept
PO Box 29505
Phoenix, AZ 85038-9505

Lendmark Financial Services
2118 Usher Street NW
Covington, GA 30014

LVNV Funding
c/o Resurgent Capital Services
PO Box 10497
Greenville, SC 29603

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Republic Finance, LLC
282 Tower Road
Ponchatoula, LA 70454